## Administrative Settlement Agreement

This Administrative Settlement Agreement is made by and between the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), and Ms. Andrea K. Grimsley.

**Background**

Ms. Andrea Grimsley was the Chief of the Headquarters General Contracts Branch in the United States Immigration and Customs Enforcement (ICE) Office of Procurement from April 29, 1996, until her retirement from Federal service on January 31, 2004.[1] Upon retiring, Ms. Grimsley was employed by FedBid, a company selling web based reverse auction services to the Federal Government.

On September 19, 2005, the District of Columbia Office of the United States Attorney filed a one-count misdemeanor charging Ms. Grimsley with a violation of 18 U.S.C. §§ 208 & 216(a)(1) (Financial Conflict of Interest). Ms. Grimsley has signed a letter memorializing her agreement to plead guilty to the misdemeanor charge. Copies of the Misdemeanor Information, the agreed-upon Statement of Offense, and the Letter Agreement are attached. The gravamen of the misdemeanor offense is that after Ms. Grimsley was a candidate for, and subsequently accepted a position with FEDBID, Ms. Grimsley participated in an ICE handgun acquisition in which, to her knowledge, FEDBID had a financial interest. The Misdemeanor Information notes that Ms. Grimsley took such action after advising the ICE ethics officer that in light of her employment negotiations with FEDBID, "any acquisitions that might be considered for FEDBID.com soliciting will be handled "…by others in her office to prevent the appearance of a conflict of interest."

The Statement of Offense filed by the U.S. Attorney also noted:

> "U.S. Attorney's Office for the District of Columbia and Grimsley do not read the specific misdemeanor provision with which Grimsley is being charged as requiring proof of specific intent. Further, the parties agree that the evidence adduced in the course of the investigation, while sufficient to prove a violation of the misdemeanor statute beyond reasonable doubt, does not indicate that Grimsley's conduct was willful."

Upon signing the agreement to plead guilty to the misdemeanor information, Ms. Grimsley contacted the ICE debarment official, and requested an opportunity to meet personally to convey her deepest regrets for any embarrassment that her actions may have caused ICE, and

---

[1] It is noted that the DHS/ICE Office of Procurement was established on March 1, 2003 with the creation of DHS. Prior to March 1, 2003, the Office of Procurement was part of the Department of Justice, U. S. Immigration and Naturalization Service (INS)

to advise ICE that this temporary lapse in judgment was never intended to harm ICE or the Government procurement process in any way.

Ms. Grimsley explained the circumstances regarding the actions that formed the basis of the misdemeanor charge, and reiterated her strong belief that she never acted intentionally to either harm the United States, or to benefit personally from her actions. In retrospect, Ms. Grimsley understands and appreciates that regardless of her desire to support ICE in a time of increased workload and reduced manpower, it would have been preferable for her to have had no role whatsoever in the handgun procurement.

Ms. Grimsley has offered to enroll in an Ethics in Government Contracting course which will serve to further educate and reinforce in Ms. Grimsley the significant harm that even the appearance of a standard of conduct violation can cause in the area of acquisitions by the United States Government. I conclude, after having questioned Ms. Grimsley in detail as to the nature of these events as well as her current activities, that enrollment in the above-referenced course is a useful vehicle for Ms. Grimsley to reinforce her knowledge of ethics in dealing with the United States Government and its employees.

**Determination**

FAR 9.402 provides:

> "The serious nature of debarment and suspension requires that the sanctions be imposed only in the public interest for the government's protection and not for purposes of punishment. Agencies shall impose debarment or suspension to protect the government's interest and only for the causes and in accordance with the procedure set forth in this subpart."

I have further reviewed the Statement of Offense, the Misdemeanor Information filed by the U.S. Attorney's Office, and the letter memorializing the plea agreement as well as Ms. Grimsley's record as a Government employee. I have also assessed her explanation for her actions independent of her deep feelings of remorse and regret with respect to the stated offense and its consequences. After considering the above, as well as the policies with respect to the debarment process, I determine that no suspension or debarment action is necessary to protect the government's interests in its future dealings with Ms. Grimsley. In reaching this conclusion, I also note that the U.S. Attorney's Office has stated that the misdemeanor information with which Ms. Grimsley was charged does not require proof of specific intent. The U.S. Attorney's Office also stated that during the course of its investigation, they found no proof that Ms. Grimsley's conduct was willful. Further, there was no finding that the United States suffered any financial impact or other monetary loss as a result of Ms. Grimsley's action.

I am persuaded by a full review of the record that Ms. Grimsley's action with respect to the one contract that formed the basis for the misdemeanor violation was an anomaly and that given her deep remorse for her actions and her agreement to take additional ethics training, Ms. Grimsley should be viewed as a responsible individual, capable of doing business with the United States Government. Ms. Grimsley has agreed to advise ICE of the course for which she

is registering and will provide this office with evidence that she attended the course. Any action to suspend or debar Ms. Grimsley, given the circumstances of this case, is not necessary for the protection of the United States, and would be inconsistent with the policy with respect to the need to impose debarment and suspension for purposes other than punishment.

_____
Soraya Correa
Director, Office of Procurement and
Head of Contracting Activity (HCA)
U. S. Immigration and Customs Enforcement
Department of Homeland Security

October 6, 2005
Date

3

DC1 796597v.1